IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TRANE U.S. INC., § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 6:23-CV-00317 |
| § | |
| § | |
| GL2M ENGINEERING, LLC, § | |
| § | |
| *Defendant.* § | |

**PLAINTIFF, TRANE U.S. INC.'S ORIGINAL COMPLAINT**

Plaintiff, TRANE U.S. INC., files this Original Complaint against Defendant, GL2M ENGINEERING, LLC ("GL2M"), and in support thereof, respectfully shows as follows:

**I.     PARTIES**

1.     Plaintiff, TRANE U.S. INC. ("Plaintiff" or "Trane"), is a corporation formed under the laws of Delaware, with its principal place of business in North Carolina. For purposes of diversity jurisdiction, Trane is a citizen of both Delaware and North Carolina.

2.     Defendant, GL2M ENGINEERING, LLC ("Defendant" or GL2M") is a Texas limited liability company. For the purposes of diversity jurisdiction, upon information and belief, Martin Lee Montz is the sole member of GL2M and Martin Lee Montz is an individual who resides in Texas.  For that reason, GL2M is a citizen of Texas. GL2M may be served with process through its registered agent at the following address: Martin Lee Montz, at 3308 Mayfair Lane, Highland Village, TX 75077-1827.

1

## II.     JURISDICTION

3. This Court has original jurisdiction over the claims asserted in this complaint under 28 U.S.C. § 1332(a) because there is a complete diversity of citizenship between the parties. Specifically, Trane is a citizen of Delaware and North Carolina while GL2M is a citizen of Texas. Further, the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. This Court has personal jurisdiction over GL2M because GL2M is a resident of Texas and, at minimum, has established minimum contacts with Texas, as described below. Specifically, GL2M has: (i) transacted business in the state of Texas and (ii) contract to conduct and perform services in the state of Texas. Since GL2M has purposefully availed itself of the benefits of the state of Texas, the exercise of jurisdiction would not offend the traditional notion of fair play and substantial justice.

## III.     VENUE

5. Pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to this lawsuit occurred in this judicial district and a substantial part of the property that is the subject of this action is situated in this judicial district, this Court is the proper venue for this action.

## IV.     BACKGROUND

6. Trane is a manufacturer and distributor of heating and air ventilations systems and equipment. Trane and Excel Communications ("Excel") entered into an agreement for a new ventilation system to be installed at the Suddenlink 1820 Call Center located at 1820 SSW Loop 323, Tyler, TX 75701 (the "Facility").

7. On or about August 27, 2020, Trane and GL2M entered into a Master Consulting Services Agreement.  Later, on or about November 16, 2020, Trane and GL2M also entered into a Work Order (collectively with the Master Consulting Services Agreement, "Agreement"). A true and correct copy of the Agreement is attached hereto as **Exhibit A** and incorporated by reference.

8. The Agreement called for GL2M to replace the existing HVAC system and then design and install a new VAV duct system at the Facility.

9. The new equipment as designed by GL2M included all-new packaged direct expansion rooftop units, ductwork, VAV boxes, air devices and HVAC controls for the Facility.

10. Under 4.6(a) of the Master Consulting Services Agreement, GL2M agreed to "perform any and all duties under this Agreement in a safe, efficient and lawful manner, consistent with the applicable standards of care, by qualified personnel[.]"

11. Under 4.6(b) of the Master Consulting Services Agreement, GL2M agreed to "perform its duties […] with care, skill, and diligence, in accordance with the applicable professional standards currently recognized by its profession, and shall be responsible, in accordance therewith, for the professional quality, technical accuracy, completeness, and coordination of all reports, drawings, information, and other items and services furnished under this Agreement[.]"

12. Under 4.6(d) of the Master Consulting Services Agreement, GL2M agreed to "comply with current applicable federal, state and local laws, regulations, licenses, certificates, approvals, permits, and permissions, and with any private permissions that Consultant has been notified of in writing."

13. GL2M designed a replacement system for the Facility and subsequently installed six (6) new rooftop units, all of which were the incorrect size and were too large to properly cool and heat the Facility.

14. Due to GL2M's installation of oversized units, the Facility experienced excessive room temperature in the northwest corner office; excessive space humidity in multiple areas; condensation inside packaged rooftop units and on the exterior of supply ductwork and on the

exterior of rooftop unit cabinets; condensation on the exterior of surface of insulated supply ductwork; excessive noise from rooftop unit (RTU) 4 in conference room A; short-cycling of HVAC units and fan surging due to operation and low loads; and fan shaft failure.

15. As discussed in the Certificate of Merit (Exhibit B), GL2M failed to select or design the HVAC equipment based on HVAC load calculations. GL2M's design failed in various ways, including, *inter alia*, by failing to conform to mandatory code requirements. In addition to violating the code requirements, oversizing the HVAC units had various adverse effects that a prudent engineer applying the appropriate standard of care would have avoided:

- Increased equipment cost; and
- Decreased ability to serve low HVAC loads during mild cooling conditions.

16. Trane engaged Quantum North America ("Quantum") to review and comment on load calculations performed by GL2M; determine actual load calculations; review and assess mechanical and electrical design and installation of new rooftop units, VAV boxes, and ductwork system; and provide recommended design changes that would resolve issues with the GL2M installation and VAV boxes and ductwork system.

17. Quantum is a Texas company that provides engineering services specializing in the design, construction, and repair of heating, ventilation, and air-conditioning systems.

18. The load calculations completed by Quantum were substantially similar, if not nearly identical, to those completed by GL2M.  There were no significant changes to the inputs to the load calculation from the time GL2M completed it to when Quantum did so.  In other words, GL2M had substantially the same information and came up with the same output and required load for the HVAC system and all associated equipment, including VAV system and ductwork system.

#101443575v4

19. On or about August 31, 2021, after conducting an inspection at the Facility, Quantum formally reported that GL2M failed to properly design and install a functioning replacement and VAV duct system. According to Quantum, GL2M's rooftop units needed to be replaced and the VAV, ductwork, and associated air devices needed to be reworked to function with the correctly sized rooftop units.

20. Trane has been forced to expend unnecessary funds in excess of $700,000 to rectify GL2M's negligent design and faulty installation at the Facility. This number continues to increase as Trane completes the remedial work on the system at the Facility.

### V. CAUSE OF ACTION

#### *Certificate of Merit*

21. A certificate of merit is incorporated herein and attached as "**Exhibit B**."

#### *Breach of Contract*

22. Trane re-alleges and incorporates all allegations set forth herein.

23. GL2M materially breached the Agreement by, among other actions and inaction, failing to adequately design and install a functional replacement HVAC system at the Facility.

24. More specifically, in designing and installing the replacement HVAC system, GL2M materially breached its contractual duty to act with the care, skill, and diligence, in accordance with the applicable standards currently recognized by its profession.

25. GL2M's breaches as described herein constitute material breaches, and as such that Trane is entitled to recover damages and exercise remedies available to Trane under the Agreements.

#### *Negligence*

26. Trane re-alleges and incorporates all allegations set forth herein.

27. In the alternative to its breach of contract claim and to the extent GL2M's negligence caused damages to property that was not the subject of the Agreement, Trane was damaged by and makes a claim for negligence against GL2M.

28. GL2M had a duty to act in accordance with the standard of care for professional engineers engaged in the design and installation or construction of HVAC systems.

29. An engineer or an architect must use the skill and care in the performance of his duties commensurate with the requirements of his profession.

30. GL2M failed to meet the standard of care in the industry.

31. GL2M's negligence, in failing to meet the above standard of care, was the proximate cause of damages to Trane.

## VI.     DAMAGES

32. As a direct and proximate result of GL2M's breaches of the Agreement, Trane has suffered damages that include, but are not limited to, direct, incidental, consequential, and repair costs which are necessary to repair and replace GL2M's defective work, in amounts to be proven at trial, but at least $700,000.00.

## VII.     ATTORNEYS' FEES, EXPENSES, AND COSTS

33. As a result of GL2M's actions and/or inactions as set forth herein, Trane retained the undersigned counsel to represent it in this action and has agreed to pay the undersigned counsel reasonable and necessary attorneys' fees in order to vindicate its rights. Trane hereby seeks to recover all reasonable and necessary attorneys' fees, expenses, and costs from GL2M pursuant to the Master Service Agreement Section 11.0, Texas Civil Practice & Remedies Code § 38.001, *et seq.*, and any other applicable law.

## VIII. CONDITIONS PRECEDENT

34. Trane has fully or substantially performed all acts necessary to perfect and establish all claims and causes of action asserted in this lawsuit.

35. All conditions precedent to Trane's right to recover on any of the claims and causes of action asserted in this lawsuit have been discharged, satisfied, or fully performed.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, TRANE U.S. INC., prays for judgment on its Complaint and that this Court enter judgment against Defendant, GL2M ENGINEERING, LLC, as follows:

a) actual damages in an amount according to proof, but at least $700,000;

b) attorneys' fees incurred through the trial and appellate levels, as allowed by contract and/or statute;

c) expenses and costs of court incurred through the trial and appellate levels, as allowed by contract and/or statute;

d) pre-judgment and post-judgment interest at the highest rates permitted by law; and

e) all other relief both at law and in equity, to which Plaintiff may show itself to be justly as this Court deems appropriate.

Dated: June 27, 2023

*[Remainder of Page Left Intentionally Blank]*

**JONES WALKER LLP**

*/s/ Amy K. Anderson*

Amy K. Anderson (Bar No. 24007064)
Jones Walker LLP
5960 Berkshire Lane
6th Floor
Dallas, Texas 75225
Tel: 214-459-9000
aanderson@joneswalker.com

-and-

William J. Shaughnessy (Bar. No. 24128958)
Neal J. Sweeney (Bar No. 24113861)
811 Main Street, Suite 2900
Houston, Texas 77002
Tel: 713-437-1800
Fax: 713-437-1917
bshaughnessy@joneswalker.com
nsweeney@joneswalker.com

*Counsel for Plaintiff Trane U.S. Inc.*

#101443575v4